## CIRCUIT COURT OF ARLINGTON COUNTY

Jiorle

   v.

Jiorle

May 15, 1979

Case No. (Chancery) 29322

### By JUDGE CHARLES H. DUFF

I have carefully considered the Complainant's Motion that the Defendant did not personally assert his privilege against self-incrimination and therefore may be deemed to have waived the same. There is no question that his attorney clearly asserted the privilege in his behalf prior to the commencement of the depositions. In my opinion the Defendant has not waived his rights in this regard.

The case law makes frequent reference to the personal nature of the privilege, but these often off-hand comments are somewhat misleading. It is clear that an attorney cannot invoke the privilege of his client for his own protection; he can, however, as agent for his client invoke the privilege of his client for the protection of the client. See *McCormick on Evidence* 2d, p. 254.

In *Brody* v. *United States*, 243 F.2d 378 (1st Cir. 1957), the following appears as Footnote 5 on page 387:

> There appears to be some confusion concerning the power of a duly authorized attorney to claim the privilege against self-incrimination on behalf of his client in view of statements in two cases in other circuits that, because the privilege is a personal one, it cannot be asserted by a third party, not even an attorney. . . But the authorities cited in these two cases are clearly distinguishable. . . This is quite different from a holding that a properly

authorized agent of an individual, including his attorney, is powerless to assert the privilege for his principal in appropriate circumstances. The Supreme Court has never so held, nor have we.

It is my holding that where a duly authorized attorney on behalf of his client repeatedly asserts the client's right not to answer alleged incriminating questions and during the course of the examination the client is asked by opposing counsel if he intends to follow his attorney's advice and the answer is in the affirmative, the client has in no way waived the privilege.